IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| JERMEL HYDE,<br>  Plaintiff,<br><br>v.<br><br>RACHEL, *et al.*,<br>  Defendants. | Case No. 2:25-cv-02165-JEH |

**Merit Review Order**

  Plaintiff, proceeding *pro se* and currently incarcerated at Centralia Correctional Center, filed an Amended Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights at Danville Correctional Center ("Danville"). (Doc. 11). This case is before the Court for a merit review of Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915A. The Court must "screen" Plaintiff's Amended Complaint and dismiss any legally insufficient claim or the entire action if warranted. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the Amended Complaint, the Court accepts the factual allegations as true, liberally construing them in the Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

**I**

  Plaintiff files suit against Sergeant Ellison, Lieutenant Dykster, Dr. Ek, and Nurses Rachel, Evelinea, and Jennifer.

1

On March 12, 2024, Plaintiff alleges he began vomiting uncontrollably every twenty to thirty minutes, was unable to eat or drink, felt dehydrated and weak, was unable to pass gas or have a bowel movement, and his stomach was "in knots." (Doc. 11 at p. 7).

On March 15, 2024, Plaintiff was seen by Nurse Ashley, who is not named as a party. Although Plaintiff explained to Nurse Ashley that he could not keep anything down, she gave Plaintiff "milk of laxative." *Id.* Plaintiff claims the laxative was ineffective, and he was still in pain.

Plaintiff alleges Nurse Rose and Correctional Officer Finchum, who are not named as parties, transported him to the healthcare unit ("HCU"). Plaintiff states he was provided the same ineffective treatment.

On an unspecified date, Plaintiff alleges Defendant Nurse Rachel "started to [berate him] and sent [him] back with no adequate medical attention." *Id.*

On an unknown date, Plaintiff saw Defendant Dr. Ek. When Plaintiff attempted to sit down, Dr. Ek allegedly said, "We are not doing any sitting." *Id.* at p. 8. Plaintiff alleges he leaned against the wall and hunched over, but Dr. Ek still refused to allow him to sit down. Dr. Ek allegedly sent Plaintiff back to his cell.

On an unspecified date, Plaintiff returned to the HCU. Plaintiff alleges unidentified staff members did not bring a wheelchair to transport him to the HCU and forced him to walk a distance equivalent to three or four city blocks. Plaintiff alleges he cried because he was in pain.

## II

It is well established that deliberate indifference to a serious medical need is actionable as a violation of the Eighth Amendment. *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). A claim of deliberate indifference contains both an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, a prisoner must demonstrate that his medical condition

is "objectively, sufficiently serious." *Id*. An objectively serious medical condition is one that "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Hayes*, 546 F.3d at 522. To satisfy the subjective component, the inmate must demonstrate that the prison official acted with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. The official must know of and disregard an excessive risk to the inmate's health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. The prisoner must show that the defendant engaged in more than negligence and that the defendant's conduct approached intentional wrongdoing or criminal recklessness. *Holloway v. Delaware Cnty. Sheriff*, 700 F.3d 1063, 1073 (7th Cir. 2012) (citing *Farmer*, 511 U.S. at 837).

Plaintiff's allegations are too sparse to establish a deliberate indifference claim against the Defendants. Plaintiff's sole allegation against Defendant Nurse Rachel was that she "started to [berate him] and sent [him] back with no adequate medical attention." (Doc. 11 at p. 7). Plaintiff does not specify when this encounter occurred, what medical treatment Nurse Rachel provided, or what treatment she refused to provide.

Regarding Defendant Dr. Ek, Plaintiff alleges he refused to allow him to sit down during an examination on an unspecified date. This allegation alone is insufficient to proceed on a deliberate indifference claim against Dr. Ek.

Plaintiff named Sergeant Ellison, Lieutenant Dykster, and Nurses Evelinea and Jennifer as Defendants, but he did not include any specific allegations against them in his Amended Complaint.

Federal Rule of Civil Procedure 8 states a complaint must include "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this rule is to "give defendants fair notice of the

claims against them and the grounds for supporting the claims." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (citation omitted); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff's Amended Complaint does not give Defendants adequate notice of his claims. Therefore, Plaintiff's Amended Complaint is DISMISSED WITHOUT PREJUDICE as a violation of Rule 8.

The Court will allow Plaintiff the opportunity to file a Second Amended Complaint within thirty days of this Order. His Second Amended Complaint MUST clearly state what happened, when it happened, which Defendants were involved, how each Defendant was involved, and any harm Plaintiff suffered. Plaintiff MUST also provide the date each allegation occurred or a specific timeframe.

### III

Plaintiff filed a Motion to Request Counsel asking the Court to appoint an attorney to represent him. (Doc. 10). "There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). When evaluating a Motion to Request Counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007). "When evaluating a plaintiff's competence, district courts should normally consider the plaintiff's literacy, communication skills, education level, and litigation experience." *Bracey v. Grondin*, 712 F.3d 1012, 1018 n.3 (7th Cir. 2013) (citing *Pruitt*, 503 F.3d at 655). The inquiry is individualized, taking all the relevant facts into consideration, including the stage of the litigation. *Navejar v. Igiola*, 718 F.3d 692, 696 (7th Cir. 2013). The Court may also consider "the perceived merits of–or likelihood of success on–an indigent plaintiff's claims in its decision whether

to allocate scarce pro bono counsel resources to the case before it." *Watts v. Kidman*, 42 F.4th 755, 764 (7th Cir. 2022).

Plaintiff attached letters from three attorneys who declined to represent him. (Doc. 10 at pp. 5-9). The Court finds that Plaintiff made a reasonable attempt to secure counsel on his own. Regarding his competency, Plaintiff indicates that he completed some college courses. *Id.* at p. 2. Thus far, his pleadings have been coherent and supported by accompanying exhibits. (Docs. 10 and 11). There is no indication that he has any permanent physical or psychological condition that might impair his ability to litigate this case himself. The Court finds that Plaintiff appears competent to litigate the case himself, especially at this early stage in the litigation process. Plaintiff's Motion to Request Counsel is DENIED.

**IT IS THEREFORE ORDERED:**

**1)     Plaintiff's Amended Complaint is DISMISSED WITHOUT PREJUDICE as a violation of Federal Rule of Civil Procedure 8. Plaintiff shall have 30 days from the entry of this Order to file a Second Amended Complaint. Failure to file a timely Second Amended Complaint or to follow the instructions in this Order will result in the dismissal of this case with prejudice. Plaintiff's Second Amended Complaint will replace Plaintiff's Amended Complaint in its entirety. The Second Amended Complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

**2)     Plaintiff's Motion to Request Counsel [10] is DENIED.**

**3)     Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address. Plaintiff's failure to notify the Court of a change in mailing address will result in the dismissal of this case with prejudice.**

*It is so ordered.*

Entered: July 25, 2025

s/Jonathan E. Hawley
U.S. District Judge