E-FILED
Tuesday, 13 October, 2026 10:06:21 AM
Clerk, U.S. District Court, ILCD

**IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

JERMEL HYDE,
Plaintiff,

v.

RACHEL ANDERSON, *et al.*,
Defendants.

Case No. 2:25-cv-02165-JEH

**Order**

Plaintiff, proceeding *pro se*, filed suit under 42 U.S.C. § 1983 alleging Defendants Anderson, Ellison, Ek, Lyman, Darnell, and Rose were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment on March 12-21, 2024, while he was incarcerated at Danville Correctional Center.

On July 20, 2026, Defendants Lyman and Rose filed Motions for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 and Local Rule 7.1(D) asserting that Plaintiff failed to exhaust his administrative remedies under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e. (Docs. 70, 71, 73). Plaintiff did not file a response. Despite Plaintiff's failure to respond, the Court finds, for the reasons stated *infra*, that Plaintiff exhausted his administrative remedies. Defendants' Motions are DENIED.

**I**

**A**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In ruling on a motion for summary judgment, "[t]he court has one

task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). In making this determination, the court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "Inferences that are supported by only speculation or conjecture will not defeat a summary judgment motion." *McDonald v. Vill. of Winnetka*, 371 F.3d 992, 1001 (7th Cir. 2004). In order to successfully oppose a motion for summary judgment, a plaintiff must do more than raise a "'metaphysical doubt' as to the material facts, and instead must present definite, competent evidence to rebut the motion." *Michael v. St. Joseph Cnty.*, 259 F.3d 842, 845 (7th Cir. 2001) (internal citation omitted).

**B**

"The Prison Litigation Reform Act of 1995 (PLRA) requires prisoners with complaints about prison conditions to exhaust available grievance procedures before bringing suit in federal court." *Perttu v. Richards*, 605 U.S. 460, 464 (2025). Parties "have a right to a jury trial on PLRA exhaustion when that issue is intertwined with the merits of a claim . . . ." *Perttu*, 605 U.S. at 469. Here, the exhaustion issue is not intertwined with the merits of Plaintiff's claims. There is no jury issue regarding exhaustion of administrative remedies.

"To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Plaintiff was required to follow the grievance procedures described in the regulations provided by the Illinois Department of Corrections ("IDOC"). 20 Ill. Admin. Code § 504.800, *et seq*. According to the grievance procedure in Illinois, offenders in the custody of the IDOC must first try to resolve their issues through their counselor. § 504.810. If the

issue persists, the offender may file a grievance addressed to the grievance officer within sixty days after the incident was discovered. *Id*.

The grievance must contain factual details, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint. § 504.810(c). If the offender cannot name specific individuals, the offender "must include as much descriptive information about the individual as possible." *Id*.

The grievance officer will then make a report of findings and recommendations in writing to the Chief Administrative Officer ("CAO") within two months, "when reasonably feasible under the circumstances." §§ 504.810(a), 504.830(e). The CAO will advise the offender of the decision. *Id*.

If the offender is not satisfied with the outcome, he may appeal to the Director of the IDOC. The appeal must be received by the Administrative Review Board ("ARB") within thirty days after the date of the CAO's decision. § 504.850. The ARB will submit a report to the Director, who will review the findings and make a final determination within six months after receiving it "when reasonably feasible under the circumstances." § 504.850(e).

An inmate who fails to properly take every step of the administrative process has failed to exhaust his remedies. *Chambers v. Sood*, 956 F.3d 979, 983 (7th Cir. 2020). The Seventh Circuit takes a strict compliance approach to exhaustion, requiring inmates to follow all grievance rules established by the correctional authority. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). A lawsuit filed by an inmate before he has exhausted his administrative remedies must be dismissed because the court lacks the discretion to resolve the claim on the merits. *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999); *Jones v. Bock*, 549 U.S. 199, 223 (2007). Because exhaustion is an affirmative defense, the defendants shoulder the burden of proof. *Hernandez v. Lee*, 128 F.4th 866, 869 (7th Cir. 2025).

## II

According to this Court's Local Rules, "[a] failure to respond to any numbered fact will be deemed an admission of the fact." Civil LR 7.1(D)(2)(b)(6). By failing to file responses to Defendants' Motions, Plaintiff has admitted Defendants' material facts. (Doc. 71 at ¶¶ 3-7; Doc. 73 at ¶¶ 1-10).

During the relevant period, Plaintiff was incarcerated at Danville. Plaintiff was transferred to Centralia Correctional Center ("Centralia") on July 31, 2024. Defendants Jennifer Lyman and Amy Rose were employed as nurses at Danville.

On April 16, 2024, Plaintiff filed Grievance No. 21-0424-141 concerning his symptoms that began on March 12, 2024. (Doc. 73-4). Plaintiff complained about the medical treatment Defendants Lyman and Rose provided *Id.*

The Grievance Officer at Danville received the grievance on April 16, 2024, and forwarded the grievance to the Healthcare Unit ("HCU") for review and investigation. (Doc. 73-5). On July 31, 2024, while the investigation into the grievance was still ongoing, Plaintiff was transferred to Centralia. (Doc. 73-3).

On September 4, 2024, the Grievance Officer at Danville denied Plaintiff's grievance as he was unable to review the entirety of Plaintiff's medical file, citing Plaintiff's transfer to Centralia. (Doc. 73-5). The CAO concurred on September 4, 2024. *Id.*

Plaintiff appealed to the ARB on September 23, 2024. *Id.* The ARB received Plaintiff's grievance on September 27, 2024. (Doc. 73-6). On October 10, 2024, the ARB reviewed the appeal and marked it as "[m]isdirected" because "[p]ersonal property and medical issues are to be reviewed at your current facility prior to review by the [ARB]." *Id.* The ARB denied the grievance for failing to comply with DR504F. *Id.*

There is no evidence that Plaintiff re-submitted a grievance regarding the medical treatment Defendants provided. Plaintiff does not allege the grievance

process was unavailable to him after the alleged incidents outlined in his grievance.

**III**

Defendant Lyman argues Plaintiff failed to exhaust his administrative remedies on his April 16, 2024 grievance because there is no indication that he appealed the CAO's decision to the IDOC Director. At the bottom of the IDOC's Response to Individual in Custody's Grievance form, there is a section titled "Individual in Custody's Appeal to the Director," which requires the inmate's signature, ID number, and date. (Doc. 71-1 at p. 8). When signing the form, the inmate acknowledges the following:

> I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must, within 30 days after the date of the Chief Administrative Officer's decision, be received by the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response if applicable, and any pertinent documents.)

*Id.* Defendant Lyman argues there is no signature or other notation indicating that Plaintiff properly appealed to the Director. *Id.*

Strangely, the copy of the Response to Individual in Custody's Grievance form attached to Defendant Lyman's Motion *does not* contain Plaintiff's signature, ID number, or date. *Id.* However, the same form attached to Defendant Rose's Motion *does* contain Plaintiff's signature, ID number, and date. (Doc. 73-5). Therefore, it appears that Plaintiff properly appealed the CAO's decision.

Defendants Lyman and Rose argue Plaintiff failed to exhaust his administrative remedies because he did not re-submit his grievance after the ARB issued its decision indicating that the grievance was "[m]isdirected" because "[p]ersonal property and medical issues are to be reviewed at your current facility prior to review by the Administrative Review Board." (Doc. 73-6). While Plaintiff's

grievance may have been deemed untimely if he re-submitted it at Centralia, Defendant Rose contends that § 504.810(a) permits inmates to file untimely grievances if they can show good cause. Defendant Rose argues Plaintiff failed to exhaust administrative remedies because he did not even attempt to re-submit the grievance.

Plaintiff submitted his grievance on April 16, 2024, but the Grievance Officer did not issue a recommendation until September 4, 2024, well after the two-month period suggested by § 504.830(e). Meanwhile, Plaintiff was transferred to another facility on July 31, 2024, before the grievance process was completed. Plaintiff submitted a timely appeal to the ARB. The ARB issued a decision denying the grievance on October 10, 2024. The ARB did not direct Plaintiff to re-submit his grievance. *See Dole*, 438 F.3d at 811 ("Although it is possible that our holding would be different if the ARB had given Dole instructions on how to proceed and Dole had ignored or improperly followed those instructions, that is not the situation here."). If Plaintiff had re-submitted his grievance, the grievance would have been untimely under § 504.810(a), which requires prisoners to file a grievance "within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance." § 504.810(a).

Even though Plaintiff failed to file responses to Defendants' Motions, Defendants Lyman and Rose have not met their burden of demonstrating that Plaintiff failed to exhaust his administrative remedies. *See Pyles v. Nwaobasi*, 829 F.3d 860, 864 (7th Cir. 2016) ("Because exhaustion is an affirmative defense, it is the defendants' burden to show [plaintiff's] failure to exhaust."). The Court finds that Plaintiff completed the grievance process and exhausted his administrative remedies. Therefore, Defendants' Motions are DENIED.

**IV**

For the reasons stated, *supra*:

(1) Defendant Jennifer Lyman's Motion for Summary Judgment [70] and Defendant Amy Rose's Motion for Summary Judgment [73] on the issue of exhaustion of administrative remedies are DENIED.

(2) Discovery closes on November 17, 2026, and dispositive motions are due on December 21, 2026. The parties may file a motion for extension of time if they need additional time to complete discovery and file dispositive motions.

*It is so ordered.*

Entered: October 13, 2026

s/Jonathan E. Hawley
U.S. District Judge